**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3009-18T2

CORNELL BROWN,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

Submitted November 16, 2020 – Decided  December 4, 2020

Before Judges Fasciale and Susswein.

On appeal from the New Jersey State Parole Board.

Cornell Brown, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Suzanne M. Davies, Deputy Attorney General, on the brief).

PER CURIAM

Cornell Brown appeals from a January 30, 2019 final agency decision from the New Jersey State Parole Board (Board) denying parole and establishing an eighteen-month future eligibility term (FET). Brown is serving an eight-year prison sentence for carjacking. After considering statutory factors and making specific findings that were supported by credible evidence in the record, the Board denied parole. The Board also exercised its discretion by establishing an FET below the statutory presumption corresponding to Brown's conviction. We therefore affirm.

On appeal, Brown raises the following point for this court's consideration:

POINT I

THE . . . BOARD'S DECISION TO DENY BROWN PAROLE AND IMPOSE AN [EIGHTEEN]-MONTH [FET] WAS ARBITRARY, CAPRICIOUS OR UNREASONABLE[.]

This court accords considerable deference to the Board and its expertise in parole matters. Our review of a Parole Board's decision to deny parole is "guided by the arbitrary and capricious standard that constrains other administrative action." Acoli v. N.J. State Parole Bd., 224 N.J. 213, 222-23 (2016). "Parole Board decisions are 'highly individualized discretionary appraisals.'" Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001)

2

(Trantino VI) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). We therefore must focus our inquiry on three questions:

> (1) whether the agency's action violates express or implied legislative policies, i.e., did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998) (Trantino III) (citing Brady v. Dep't of Personnel, 149 N.J. 244, 256 (1997)).]

We "may not substitute [our] judgment for that of the agency, and an agency's exercise of its statutorily-delegated responsibilities is accorded a strong presumption of reasonableness." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citations omitted). The appellant bears the burden of showing that the Board's determination was arbitrary, capricious or unreasonable. Ibid. (citing Barone v. Dept. of Human Serv., Div. of Med. Asst., 210 N.J. Super. 276, 285 (App. Div. 1986)).

The Board must grant parole unless "by preponderance of the evidence . . . there is a reasonable expectation that the inmate will violate the conditions of parole imposed . . . if released on parole at that time." N.J.S.A. 30:4-123.53(a). The inmate must be provided both the reasons and evidence

3

supporting the denial of parole as well as the reasons and evidence supporting the FET imposed. N.J.S.A. 30:4-123.53(b), (c). N.J.A.C. 10A:71-3.11(b) provides a non-exhaustive list of twenty-three factors that the Board considers when determining whether an inmate should be released on parole. The Board does not have to consider all these factors, only those that are applicable to the appellant's circumstances. See McGowan, 347 N.J. Super. at 561.

Under N.J.A.C. 10A:71-3.21(a)(2), after denying parole, "a prison inmate serving a sentence for . . . any minimum-maximum or specific sentence between eight and [fourteen] years for a crime not otherwise assigned pursuant to this section shall serve [twenty-three] additional months." The Board panel may increase or decrease the FET by up to nine months after considering whether "the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment." N.J.A.C. 10A:71-3.21(c).

The Board's action is consistent with the applicable law, there is substantial credible evidence in the record as a whole to support its findings, and the Board reached conclusions based on the relevant facts. The Board made extensive findings, which we need not repeat here, demonstrating the basis for its decision to deny Brown parole. Additionally, the Board properly exercised

its discretion by reducing the presumptive twenty-three-month FET to eighteen-months after considering all relevant facts. Although Brown argues in his brief that his prior parole was wrongfully revoked, that argument is not on appeal here and may not be considered. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (citation and internal quotation marks omitted) (noting the "well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation [was] available unless [they] . . . go to the jurisdiction of the trial court or concern matters of great public interest"). As a result, the Board's decision to deny parole and establish an eighteen-month FET was not arbitrary, capricious or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3009-18T2